I concur in the majority's analysis and disposition of appellant's first, second, third, fourth, sixth and seventh assignments of error. I further concur in the disposition as to appellant's fifth assignment of error. However, I do so for a different reason.
The majority's sole stated reason for overruling appellant's fifth assignment of error is, "Our review of the trial court's findings and explanations lead us to conclude there is no error there." (Majority Opinion at 6-7).[1] I presume the majority is referring to the trial court's August 22, 1998 Judgment Entry which precipitated the instant appeal. I have reviewed the subject judgment entry and cannot find therein where it addresses the claim appellant now raises.[2]
I find the premise underlying appellant's claim in her fifth assignment of error is fatally flawed. Appellant asserts her IRA has a marital value of $12,000. In its February 14, 1997 Decree of Divorce, the trial court found the marital value if the IRA to be $24,000. As appellant did not raise any error relative to the value of the IRA on direct appeal from the Decree of Divorce, she is barred from now attacking the finding under the principle of res judicata.
 ______________________________ JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] Such conclusion may be insufficient to satisfy App. R. 12(A)(1)(c).
[2] The majority does not identify where in the trial court's twelve page judgment entry the alleged error is "explained."